IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MITCHELL L. REYNOLDS, : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | |
| : CIVIL ACTION NO.: 5:09-CV-181 (CAR) |
| BELINDA DAVIS, Warden, : | |
| : | |
| Respondent : | |

**O R D E R**

Petitioner **MITCHELL L. REYNOLDS** has filed motion for reconsideration of the Court's June 8, 2009 Order that dismissed his federal habeas petition without prejudice to his rights to re-file once he exhausted available state remedies.

It appeared from Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 that he was convicted of aggravated assault in the Upson County Superior Court on August 24, 2005 and he was sentenced to serve 10 years in prison. Petitioner explained that the Georgia Court of Appeals affirmed his conviction and sentence on October 23, 2008. However, petitioner did not file a petition for writ of habeas corpus in the state courts.

In his motion for reconsideration, petitioner explains that he is raising **only** claims that he litigated on direct appeal. While is it unclear at this time if petitioner actually exhausted all of his claims, the Court will allow the action to go forward. ***See Walker v. Zant***, 693 F.2d 1087 (11th Cir 1982) (explaining that "[t]he exhaustion requirement . . . does not require the prisoner seek collateral review form the state judiciary of the same issues already raised on direct appeal." ). Therefore, the June 8, 2009 Order is **VACATED**.

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, the petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or

deprivations other than those set forth in his habeas petition. If amended, the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his amended habeas petition.

**IT IS FURTHER ORDERED** that the respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until the petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this Order shall be served by the Clerk by U. S. mail on the respondent and on the Attorney General of the State of Georgia. The Clerk of the Court is further directed to serve a copy of this Order upon the petitioner. The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 21st day of July, 2009

                                              S/ C. Ashley Royal  
                                              C. ASHLEY ROYAL  
                                              UNITED STATES DISTRICT JUDGE

lnb