**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MITCHELL L. REYNOLDS,** : | |
|                **Petitioner,** : | |
| : | NO. 5:09-CV-181 (MTT) |
|        VS. : | |
| : | |
| **BELINDA DAVIS,** : | |
| : | Proceedings Under 28 U.S.C. §2254 |
|                **Respondent.** : | Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DENY RELIEF

Before the Court is Mitchell L. Reynolds' 28 U.S.C. §2254 petition seeking habeas corpus relief. Doc. 1. In this petition, Petitioner enumerates two grounds for relief each alleging violations of his rights under both the Georgia and United States Constitutions. For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

### PROCEDURAL BACKGROUND

In August, 2005, Petitioner was tried and convicted by an Upson County, Georgia jury for the aggravated assault and battery of his girlfriend. The trial court sentenced Petitioner to ten years confinement for aggravated assault plus twelve months for battery. Following an unsuccessful motion for new trial, Petitioner obtained new counsel and filed a direct appeal.

On direct appeal, with regard to his conviction for aggravated assault only, Petitioner raised two issues: 1) the trial court erred in its failure to direct a verdict of acquittal on the charge of aggravated assault based upon the state's alleged failure to prove that the victim suffered serious bodily injury, a material averment of the indictment.; and 2) the trial court erred in its failure to instruct the jurors on the definition of serious bodily injury. See Doc. 13-5 pp.15-36. Petitioner's conviction and sentence were affirmed. Reynolds v. State, 294 Ga. App. 213 (2008). Petitioner then filed the instant federal petition essentially raising the same two grounds.

DISCUSSION

Upon review, it appears that Petitioner has failed to present his claims to the state's highest court as required by 28 U.S.C. §2254(b)(1)(A). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006). Moreover, the time during which he could have done so by seeking review of the Georgia Court of Appeals decision affirming his conviction and sentence by seeking certiorari in the Georgia Supreme Court has expired. See Rule 38 of the Georgia Court of Appeal's Rules and Rule 38 of the Georgia Supreme Court's Rules (requiring that notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within ten days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed). Consequently, any future attempt to seek such review would be deemed untimely. For this reason, it appears that Petitioner's claims are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (when the petitioner fails to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claim procedurally barred, then there is a procedural default for purposes of federal habeas).

Where, as here, procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice will occur if the federal court does not consider the claim. Coleman, supra, at 750.

**Cause and Actual Prejudice**

In order to show cause for not raising a claim in an earlier habeas petition, as required to avoid dismissal of a petition comprised of procedurally defaulted claims, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. A review of the record in this case fails to reveal the existence of any such external impediment. See McClesky

v. Zant, 499 U.S. 467, 497 (1991). Indeed, there is nothing to indicate that Petitioner even attempted to seek certiorari in the Georgia Supreme Court. For these reasons, no further analysis of the cause and actual prejudice exception to the procedural default rule appears necessary.

## Miscarriage of Justice

Petitioner has failed to show that a fundamental miscarriage of justice will result if his claims are not addressed on the merits. As indicated above, where a petitioner cannot overcome procedural default of his claims by demonstrating cause and actual prejudice, the only other avenue for the defaulted claims to be reviewed on their merits is upon a showing that a failure to do so would result in a miscarriage of justice. McClesky, 499 U.S. at 495. Because assertions of "miscarriage of justice" are limited to claims concerning a petitioner's "actual" rather than "legal" innocence, this exception is exceedingly narrow in scope. See Calderon v. Thompson, 523 U.S. 538, 559, (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Indeed, in order for this exception to apply, a petitioner must show, based upon reliable evidence not presented at trial, " that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. See Schlup v. Delo, 513 U.S. 298 (1995); Calderon, 523 U.S. at 559 (emphasis added).

In this case, rather than presenting any new evidence, Petitioner's grounds for relief consist solely of his claims of allegedly erroneous decisions by the trial court. Consequently, and in accordance with the above-cited legal precedents, any assertion of actual innocence explicitly or even impliedly set forth in the instant petition are simply not sufficient to show that, but for the alleged constitutional errors by the trial court, no reasonable juror would have convicted him. Accordingly, as it is clear that Petitioner is not entitled to relief, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, and pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Thus, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of June, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge