IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MITCHELL L. REYNOLDS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-181 (MTT) |
| BELINDA DAVIS, | ) |
| Respondent. | ) |

### ORDER

This matter is before the Court on United States Magistrate Judge Charles H. Weigle's Recommendation to Deny the Petitioner's petition for writ of habeas corpus. (Doc. 24). The Magistrate Judge recommends denying habeas corpus relief because the Petitioner failed to exhaust the remedies available to him in state court. Specifically, in his direct appeal, the Petitioner did not petition the Georgia Supreme Court for certiorari review of the Georgia Court of Appeals' affirmance of his conviction. The Petitioner did not file an objection to the Recommendation. The Court has reviewed the Recommendation, and agrees that the petition should be denied, but for the reasons stated below.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must exhaust available state remedies. Section 2254(c) states, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Like many states, Georgia has a two-tiered appellate judicial system. For most criminal cases, appeal to the Georgia Court of Appeals is the only appeal of right. Review by the Georgia Supreme Court is only by writ of certiorari.[1] Traditionally, Georgia prisoners were not required to seek certiorari review to the Georgia Supreme Court of the Georgia Court of Appeals' affirmance of their convictions as a precondition to seeking federal habeas relief. *Buck v. Green*, 743 F.2d 1567, 1569 (11th Cir. 1984). This changed with the United States Supreme Court's decision in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In *O'Sullivan*, a petitioner did not include all his claims in his petition for leave to appeal to the Illinois Supreme Court. The rules of the Illinois Supreme Court provided that whether "'a petition will be granted is a matter of sound judicial discretion.'" *O'Sullivan*, 526 U.S. at 843 (quoting Ill. Sup. Ct. R. 315(a)). The Seventh Circuit held that the petitioner did not have to present his claims to the Illinois Supreme Court to exhaust his state remedies because review was discretionary.

The United States Supreme Court reversed, holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. This included seeking review by the state's highest court, if available. However, the Supreme Court also stated that "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in

---

[1] Georgia calls review by the Georgia Supreme Court review a petition for writ of certiorari. Some states call review by their highest court a different name. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840-41 (1999) (petition for leave to appeal); *Randolph v. Kemna*, 276 F.3d 401, 402 (8th Cir. 2002) (petition for transfer); Tenn. Sup. Ct. R. 39 (application for permission to appeal).

the past."[2]  *Id.* at 844.  Rather than an extraordinary remedy, the Supreme Court deemed "a petition for discretionary review in Illinois' Supreme Court [to be] a normal, simple, and established part of the State's appellate review process."  *Id.* at 845.  The Supreme Court concluded that "the creation of a discretionary review system does not, without more, make review in the Illinois Supreme Court unavailable."  *Id.* at 848.  However, the Supreme Court clarified that "nothing in our decision today requires the exhaustion of any specific state remedy when a State has provided that that remedy is unavailable."  *Id.* at 847.

One concurring justice and three dissenting justices in *O'Sullivan* interpreted the majority opinion as "leav[ing] open the possibility that a state prisoner is likewise free to skip a procedure even when a state court has occasionally employed it to provide relief, so long as the State has identified the procedure as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion."  *Id.* at 849 (Souter, J., concurring); *see also id.* at 862 (Stevens, J., dissenting) ("Thankfully, the Court leaves open the possibility that state supreme courts with discretionary dockets may avoid a deluge of undesirable claims by making a plain statement--as Arizona and South Carolina have done…--that they do not wish the opportunity to review such claims before they pass into the federal system.").

In *Nelson v. Schofeld*, 371 F.3d 768 (11th Cir. 2004), the Eleventh Circuit held that, pursuant to *O'Sullivan*, a potential federal habeas corpus petitioner must first seek certiorari to the Georgia Supreme Court for review of the Court of Appeals' affirmance of

---

[2] The Supreme Court's examples of extraordinary remedies included "a suit for injunction, a writ of prohibition, or mandamus or a declaratory judgment in state courts."  *O'Sullivan*, 526 U.S. at 844 (citation and quotations omitted).

his conviction. Apparently in response to *Nelson*, the Georgia Supreme Court amended its rules to read:

> A review on certiorari is not a right. A petition for the writ will be granted only in cases of great concern, gravity, or importance to the public. In all appeals from criminal convictions, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. When the claim has been presented to the Court of Appeals, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Ga. Sup. Ct. R. 40.[3]

In *Hills v. Washington*, 441 F.3d 1374, 1375-76 (11th Cir. 2006), the Eleventh Circuit recognized that the Georgia Supreme Court had attempted to "opt out" of the *O'Sullivan* rule when it amended Rule 40, but did not decide whether it had effectively done so. The Eleventh Circuit has not revisited the issue of whether Rule 40 effectively opted Georgia out of the *O'Sullivan* rule.

It appears that only one district court in Georgia has addressed directly the issue of whether by adopting Rule 40, the Georgia Supreme Court has opted out of the *O'Sullivan* rule. In *Carton v. Bolton*, 2009 WL 1578978 (S.D. Ga. June 4, 2009), Judge J. Randal Hall adopted United States Magistrate Judge W. Leon Barfield's ruling that the Plaintiff had exhausted his state claims even though he had not petitioned for certiorari to the Georgia Supreme Court. Judge Barfield reasoned that "Th[e] 'one full opportunity' includes pursuing discretionary review with the highest available appellate court where the highest court of the state *has not* opted out of this requirement. *Id*. at *2 (emphasis added). Citing *Hills*, Judge Barfield concluded Rule 40 does not require potential habeas corpus petitioners to seek certiorari review to exhaust their remedies.

---

[3] The second sentence was moved to the end of the paragraph on January 5, 2005.

The Third, Sixth, Eighth, and Ninth Circuits have all interpreted rules similar to Rule 40 to make review by the state's highest court unavailable. *Lambert v. Blackwell,* 387 F.3d 210 (3d Cir. 2004); *Adams v. Holland,* 330 F.3d 398 (6th Cir. 2003); *Randolph v. Kemna,* 276 F.3d 401 (8th Cir. 2002); *Swoopes v. Sublett,* 196 F.3d 1008 (9th Cir. 1999). These courts concluded that because the state supreme courts determined that an appeal to the state court of appeals constitutes one complete round of the state's established appellate review process, *O'Sullivan* does not require the state prisoner to file a petition or application to the state supreme court. Some of the opinions suggest that rules similar to Rule 40 make review by the state's highest court an extraordinary remedy outside the established review process.[4] *See Lambert*, 387 F.3d at 234 ("Order No. 218 serves to remove review of criminal and collateral appeals from the 'normal' and 'established' appellate review procedure in Pennsylvania. As Judge Van Antwerpen put it in *Mattis v. Vaughn*[,128 F. Supp. 2d 249, 259 (E.D. Pa. 2001)], Order No. 218 is the something "more" that makes the Pennsylvania Supreme Court's discretionary review system '"unavailable."'"); *Randolph*, 276 F.3d at 404 (holding a remedy is extraordinary when there is a "clear intention that the standard process is complete prior to evoking that remedy").

Judge Carnes, who authored the per curiam *Hills* opinion, also penned the concurrence. In his concurrence, he took issue with "the extraordinary nature of a decision permitting state supreme courts to opt out of the *O'Sullivan* rule." *Hills*, 441 F.3d at 1378 (Carnes, J., concurring). Judge Carnes was concerned with the implications of state opt-out rules because they provided state courts with the power to

---

[4] In fact, the Missouri Supreme Court rule at issue in *Randolph* states, "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." Mo. Sup. Ct. R. 83.04.

determine federal procedure. He argued that "[e]xhaustion of state remedies is not a state law concept; it is a defense in federal court to a federal habeas corpus petition." *Id.* at 1378-79. While those concerns are understandable, the Supreme Court in *O'Sullivan* seemed to make clear that, "[t]he exhaustion doctrine … turns on an inquiry into what procedures are 'available' under state law…, [and] there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." 526 U.S. at 847-48. Thus, if states have the power to determine a procedure is unavailable, then § 2254's exhaustion requirement is, to some degree, defined by state law.

Consistent with circuit courts that have decided this issue, this Court concludes that Rule 40 makes certiorari review unavailable, at least in the sense contemplated by the Supreme Court in *O'Sullivan*. Of course, certiorari review is "available" because the Georgia Supreme Court has the opportunity to decide which cases it will consider on the merits. The Ninth Circuit directly addressed this point, stating:

> Although review before the Arizona Supreme Court is discretionary, it is "available" under *O'Sullivan*; thus, at least facially, Arizona prisoners are not relieved of their duty to file an appeal with that court. However, the question is whether Arizona has identified discretionary Supreme Court review as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion. It plainly has.

*Swoopes*, 196 F.3d at 1010 (citations and punctuation omitted). *O'Sullivan* only requires state prisoners to give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. Thus, because the Georgia Supreme Court has deemed an appeal of a conviction to the Georgia Court of Appeals to constitute one complete round of the state's established appellate review process, Georgia has effectively opted out of the

*O'Sullivan* rule.[5]  Therefore, the Petitioner cannot be dismissed for failure to seek certiorari review in the Georgia Supreme Court.

Ironically, the Respondent never contested exhaustion.  Rather, she contends that the Petitioner's claims are procedurally defaulted because his appeal to the Georgia Court of Appeals was based on state law grounds.  The Magistrate Judge did not address this issue in the Recommendation.

In *Duncan v. Henry*, 513 U.S. 364 (1995), the petitioner argued in state court that his conviction was a "miscarriage of justice" under the California Constitution.  The Supreme Court held that the petitioner failed to exhaust his state remedies because he did not argue his federal due process rights were violated in state court.  Similar to *O'Sullivan*, the Supreme Court stated that petitioners must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Id*. at 365 (citation and quotations omitted).

Here, the Petitioner argued in the Georgia Court of Appeals that the trial court erred because it failed to direct a verdict of acquittal and did not instruct jurors on the definition of serious bodily injury.  The Petitioner repeats these grounds in his petition, but now asserts that the trial court's errors amounted to violations of his Fifth, Sixth, and Fourteenth Amendment rights.  The Petitioner never suggested to the Georgia Court of Appeals that his claims implicated federal constitutional rights.  Thus, because the Petitioner did not fairly present his federal constitutional claims to the state courts, his claims are procedurally defaulted, and his petition for writ of habeas corpus must be

---

[5] Because it is sufficient that the Georgia Supreme Court considers an appeal to the Georgia Court of Appeals to constitute one complete round of the state's established appellate review process, the Court need not decide whether Rule 40 makes certiorari review an extraordinary remedy.

**DENIED**.  Because the Petitioner has not made a substantial showing of the denial of a constitutional right, any certificate of appealability is **DENIED**.

**SO ORDERED**, this the 26th day of September, 2011.

<div style="margin-left:auto">

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

</div>